UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
VFS LEASING CO.,                                    :
                                                    :
       Plaintiff, Counter-Defendant,   :     CASE NO. 1:09-CV-2942
       Third-Party Defendant,           :
                                                    :
  v.                                              :
                                                    :     OPINION & ORDER
J&L TRUCKING, INC.*, et al.*,                       :     [Resolving Doc. Nos. 58, 60]
                                                    :
       Defendants, Third-Party          :
       Plaintiffs, Counter-Claimants,   :
                                                    :
  v.                                              :
                                                    :
MACK TRUCKS, INC., *et al.*,                        :
       Third-Party Defendants.          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       In this breach of contract and warranty case, Plaintiff VFS Leasing moves for reconsideration of this Court's Order of August 5, 2011, *see* [Doc. 53], which, among other things, denied VFS's motion for summary judgment on Defendant J&L Trucking, Inc.'s counterclaim for breach of express warranty. In that Order, the Court concluded that a factual dispute precluded summary judgment on J&L's counterclaim. Specifically, the Court explained, a reasonable factfinder could find that certain language in Section 1(a) of the lease agreement between VFS and J&L created an express warranty "that the [leased] trucks would be 'in good order and in conformance with any applicable purchase order or supply contract.'" [Doc. 53 (quoting Doc. 36-1).] VFS, citing other

-1-

Case No. 1:09-CV-2942
Gwin, J.

portions of the parties' agreements, asks the Court to reconsider that decision.

As an initial matter, North Carolina law applies. *See* [Doc. 53.] In North Carolina, an express warranty is created by "any affirmation of fact or promise made by the lessor to the lessee which relates to the goods and becomes part of the basis of the bargain" or "any description of the goods which is made part of the basis of the bargain." N.C.G.S.A. §§ 25-2A-210(1)(a), 210(1)(b). Whether an express warranty exists is a question of fact. *Riley v. Ken Wilson Ford, Inc.*, 426 S.E.2d 717, 720-21 (N.C. Ct. App. 1993). J&L's argument has always been that Section 1(a) of the lease agreement contains an express warranty. That section provides:

> **Acceptance of Equipment by Lessee.** Upon completion of delivery of all of the Equipment described on a Schedule, Lessee shall inspect such Equipment and, if in good order and in conformance with any applicable purchase order or supply contract, Lessee will accept delivery of the Equipment on behalf of the Lessor, and execute and deliver the applicable Schedule.

[Doc. 36-1.]

As the Court ruled previously, "[t]his language could arguably be an 'affirmation of fact or promise' that the trucks would be 'in good order and in conformance with any applicable purchase order or supply contract.'" [Doc. 53.] So, "[i]f J&L indeed relied on such description when entering the Lease Agreement with VFS, or if the description otherwise became part of the basis of the bargain between J&L and VFS, the language could be an express warranty that VFS breached." *Id.*

VFS persists in its resistance to this conclusion, pointing to language in the Schedule[1] that it says tends to show that Section 1(a) of the lease agreement was not an affirmation of fact or promise relating to the condition of the trucks, but instead was "nothing more than an instruction to

---

[1] The Schedule was a separate agreement, into which the "terms and conditions of the [lease] Agreement [were] incorporated." [Doc. 36-1.]

-2-

Case No. 1:09-CV-2942
Gwin, J.

J&L to inspect the condition of the trucks before accepting delivery." [Doc. 58.] Specifically, VFS identifies Section 9 of the Schedule, which provides in part:

> Lessee represents and warrants to Lessor that Lessee has: accepted delivery of and inspected each item of Equipment; determined that each item of Equipment contains all of the major components and accessories as agreed; each item of Equipment is in good working order, repair, and condition, and that each item of Equipment is fit for immediate and continued use and conforms to Lessee's requirements without exception.

[Doc. 36-1.]

As VFS sees it, "[w]hen Section 1(a) of the Master Lease and Section 9 of the Schedule are read in conjunction with one another," only one reasonable conclusion can follow: VFS "d[id] not make any representations to J&L that could be construed by a trier of fact as creating an express warranty." [Doc. 58.] The Court continues to disagree.

VFS offers a permissible reading of Section 1(a) of the lease agreement. *See* [Doc. 53 ("Conversely, a reasonable fact finder might find the language [in Section 1(a)] should be construed as simply an instruction to J&L to inspect and determine if the trucks are 'in good order' before accepting the goods. If so, and such language was not made part of the basis of the bargain between VFS and J&L, the language would not constitute an express warranty.").] But that is not the only permissible reading. And so while a reasonable factfinder might find that VFS is correct, *i.e.*, that Section 9 shows that the parties never understood Section 1(a) to be a warranty, that same factfinder might instead find that VFS is incorrect, *i.e.*, that Section 1(a) of the lease agreement contained a warranty from VFS to J&L while Section 9 was merely an affirmation by J&L that the leased items were in fact received in the condition that had been promised. Accordingly, reading Sections 1(a) and (9) together does not resolve the factual dispute precluding summary judgment.

Case No. 1:09-CV-2942
Gwin, J.

For these reasons, the Court **DENIES** VFS's motion for reconsideration. *See* [Doc. 58.] For similar reasons, the Court **DENIES** the parties' joint motion to vacate or alter the Court's August 5, 2011, Order. *See* [Doc. 60; Doc. 53.]

IT IS SO ORDERED.


Dated: October 2, 2011                              *s/      James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE