UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                       :
VFS LEASING CO.,                                       :
                                                       :
       Plaintiff, Counter-Defendant, :   CASE NO. 1:09-CV-2942
       Third-Party Defendant,        :
                                                       :
  v.                                                   :
                                                       :   OPINION & ORDER
J&L TRUCKING, INC., *et al.*,                          :   [Resolving Doc. No. 65]
                                                       :
       Defendants, Third-Party                :
       Plaintiffs, Counter-Claimants,:
                                                       :
  v.                                                   :
                                                       :
MACK TRUCKS, INC., *et al.*,                           :
       Third-Party Defendants.                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      On August 5, 2011, this Court denied in part Plaintiff VFS Leasing's motion for summary judgment, concluding that an ambiguity in the lease agreement between VFS and Defendant J&L Trucking, Inc. needed to be resolved by the factfinder and that the parties should be permitted to offer evidence on that ambiguity. [Doc. 53.] On September 2, 2011, VFS moved the Court to reconsider that decision, arguing that a review of the entire agreement between the parties eliminated any ambiguity. [Doc 58.] After again reviewing the parties' written agreements, the Court denied VFS's motion. [Doc. 61.] The Court explained that the provision at issue reasonably could be read one of two ways: as (1) an express warranty; or (2) not. *Id.* Accordingly, the Court concluded that

-1-

Case No. 1:09-CV-2942
Gwin, J.

the ambiguity persisted and that the parties should be permitted to offer evidence to the factfinder in order to determine the parties' intended meaning. *See* Riley v. Ken Wilson Ford, Inc., 426 S.E.2d 717, 721 (N.C. Ct. App. 1993) ("Whether the parties have actually created an express warranty is a question of fact."); 11 Williston on Contracts § 30:7 (4th ed.) ("Where a written contract is ambiguous, a factual question is presented as to the meaning of its provision, requiring a factual determination as to the intent of parties in entering the contract." (footnote omitted)); 6-25 Corbin on Contracts § 25.18 ("Since any dispute about interpretation is ultimately a dispute about the parties' intent, a question of fact, disputed interpretation should be the province of the jury.").

VFS now moves for an order certifying the Court's August 5, 2011, and September 2, 2011, decisions for interlocutory appeal. [Doc. 65]; *see* 28 U.S.C. § 1292(b). It also seeks a stay of proceedings pending any interlocutory appeal. [Doc. 65.]

The Court will not certify those decisions for interlocutory appeal. Before certifying a non-final order under 28 U.S.C. § 1292(b), the Court must "be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Whether or not there is an ambiguity in the parties' agreements is a question of law. But VFS has not shown that "there is a substantial ground for difference of opinion" on *that* question. Indeed, it has not cited in its motion a single North Carolina case in support of its claim that the agreement is not ambiguous. Rather, it appears to argue that there is a substantial ground for difference of opinion *on the meaning of the lease agreement*. *See* [Doc. 65, at 7 ("This Court's October 2, 2011 Opinion and Order itself confirms that there is a substantial ground for difference of opinion. In that ruling, the Court observed that VFS offers a 'permissible reading of Section 1(a) of the lease agreement.'" (citation omitted)).] That is exactly the Court's view.

Case No. 1:09-CV-2942
Gwin, J.

And to the extent that VFS continues to offer unsupported argument that the agreements "do not make any representations to J&L that could be construed by a trier of fact as creating an express warranty," *id.*, the Court, for the reasons it has previously provided, *see* [Docs. 53 & 61], continues to disagree.

Moreover, an immediate appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This case is set for trial beginning next week—a trial that is estimated to last only a few days, at most. VFS will have an opportunity to argue its position to the factfinder. It may win. And if it loses, it can appeal then.

For these reasons, the Court **DENIES** VFS's request for certification. Consequently, because VFS seeks a stay only for the purpose of filing a certified interlocutory appeal, the Court **DENIES** its request for a stay.

IT IS SO ORDERED

Dated: October 7, 2011        *s/      James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE